**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000352
14-FEB-2018
09:57 AM**

NO. CAAP-17-0000352

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TAYLOR D. DYKAS, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-16-00316)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Chan, JJ.)

Plaintiff-Appellee State of Hawai'i (Hawaii) charged Defendant-Appellant Taylor D. Dykas (Dykas) with operating a vehicle under the influence of an intoxicant (OVUII).  After a bench trial, the District Court of the First Circuit (District Court)[1] found Dykas guilty as charged.  The District Court entered its Judgment on March 28, 2017.

The sole argument raised by Dykas on appeal is that her conviction must be vacated because the District Court's advisement pursuant to Tachibana v. State, 79 Hawaii 226, 900 P.2d 1293 (1995), was defective.  As explained below, we conclude that the deficiency in the District Court's Tachibana advisement was harmless.  We therefore affirm the District Court's Judgment.

_____

[1] The Honorable Melanie M. May presided.

I.

Prior to trial, the District Court advised Dykas of her right to testify and her right not to testify as follows:

> THE COURT: . . . . Ms. Dykas, you understand that you have a constitutional right to testify?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand if you choose to testify in this case, you are subject to cross-examination?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand that ultimately it is your decision and your decision alone as to whether you'd like to testify or not testify in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: While I'will give you time to speak with your attorney about whether or not you'd like to testify, ultimately it is your choice.
>
> THE DEFENDANT: Yes
>
> THE COURT: And no one can force you to testify if you do not want to testify in this case. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: In addition you have a constitutional right not to testify. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You understand if you choose not to testify, the court cannot and will not use that against you in determining the outcome of the case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand if you choose not to testify, the State cannot ask you questions and you cannot be forced to testify? Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I'll give you time to make the final decision. Do you have any questions about your right to testify?
>
> THE DEFENDANT: No.

The State completed the direct examination of its first witness and a recess was called. Trial resumed two months later. After the State rested, the defense indicated that it planned to

2

rest without calling any witnesses. The District Court then held the following colloquy with Dykas:

> THE COURT: Before the defense rests let me briefly --
> . . . -- go over Ms. Dykas's right to testify as well as her right not to testify.
>
> Ms. Dykas, you understand that you have a constitutional right to testify in your own defense?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand that if you choose to testify in this case, you would be subject to cross-examination?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand that if you choose to testify in this case, no one, including your attorney, can stop you from testifying?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you had an opportunity to speak with your attorney about whether or not you would like to testify?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand you also have a constitutional right not to testify?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand that if you choose not to testify in this case, you are not subject to cross-examination and no one can ask -- no one can require you to answer questions under oath?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand that if you choose not to testify, no one can force you to testify including your own attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you had an opportunity to discuss with your attorney your right not to testify.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you made a decision about whether you would like to testify or not testify in this case?
>
> THE DEFENDANT: Yes. I do not want to testify.
>
> THE COURT: Whose decision is that?
>
> THE DEFENDANT: My decision.

3

THE COURT: Did anyone force you, threaten you, or coerce you to make that decision?

THE DEFENDANT: No.

THE COURT: Do you have any questions about your right to testify.

THE DEFENDANT: No, I do not.

THE COURT: Do you have any questions about your right not to testify?

THE DEFENDANT: No, I do not.

THE COURT: Thank you.

Dykas did not testify and the defense rested.

## II.

Dykas contends that her waiver of her right to testify was invalid because the District Court's end-of-trial Tachibana advisement failed to inform her of her "privilege [against] self-incrimination" -- that no adverse inference could be drawn by the trier of fact if she did not testify. See Tachibana, 79 Hawaiʻi at 236 n.7, 900 P.2d at 1303 n.7.

It is clear from the record that the District Court's end-of-trial advisements omitted the advisement that no adverse inference could be drawn by the District Court if Dykas did not testify. We conclude that this omission was harmless.

Dykas did not testify at trial. She does not challenge the propriety of the District Court's advisements regarding her right to testify, which she waived by not testifying. The omitted advisement did not affect her right to testify because her knowing that there would be no adverse consequences from her failure to testify would not have caused or influenced her to testify. The omitted advisement did not affect her right not to testify, which she exercised by not testifying.[2] The omitted advisement had no effect on Dykas' decision not to testify in

---

[2] Because an advisement that no adverse inference could be drawn from a defendant's failure to testify would make it more likely that the defendant would not testify, if Dykas had received this advisement, it would not have altered her decision not to testify, but would only have served to reinforce that decision.

4

this case, and thus the deficiency in the <u>Tachibana</u> advisements was harmless error.

Dykas also claims that the District Court failed to engage her in a "true colloquy." The record refutes this claim and we reject it.

### III.

Based on the foregoing, we affirm Dykas' OVUII conviction and the District Court's Judgment.

DATED: Honolulu, Hawai'i, February 14, 2018.

On the briefs:

Brian S. Kim
(Park & Kim, LLLC)
for Defendant-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M Reifurth*

Associate Judge

*[signature]*

Associate Judge